IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAWN WAYNE WHITAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:21-CV-712-WKW-KFP |
| | ) | [WO] |
| JASON SMOAK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Shawn Whitaker filed this 42 U.S.C. § 1983 action on October 22, 2021. On November 4, 2021, the Court entered two orders, copies of which were mailed to Plaintiff. Docs. 3, 4. On November 15, 2021, Plaintiff's copies of these orders were returned to the Court marked as undeliverable because Plaintiff is no longer detained at the last service address he provided.[1] Accordingly, on November 23, 2021, the Court entered an order requiring that, by December 7, 2021, Plaintiff file with the Court a current address or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 8. That order specifically advised Plaintiff this case could not proceed if his whereabouts remained unknown and informed him his failure to comply with its directives would result in the dismissal of this case. *Id*. On December 10, 2021, Plaintiff's copy of the November 23 Order was returned to the Court marked as undeliverable.

---

[1] The last service address of record for Plaintiff is the Houston County Jail in Dothan, Alabama.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b). Here, the undersigned finds Plaintiff's failure to provide a current address reflects a lack of interest in the continued prosecution of this case. This action cannot proceed properly in Plaintiff's absence. Therefore, this case is due to be dismissed.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **January 6, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 23rd day of December, 2021.

                    /s/ Kelly Fitzgerald Pate
                    KELLY FITZGERALD PATE
                    UNITED STATES MAGISTRATE JUDGE